EXHIBIT A

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____x
In Re:
Andrew C. Borden,
    Debtor
_____x
Andrew C. Borden
    Plaintiff,
Vs
US Bank Home Mortgage
    Defendant.
_____x

Chapter 13

Bankruptcy Case # 09-29392 (RG)
Adversary Case No. 09-2739 (RG)

Stipulation of Dismissal with
Prejudice as to Defendant

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for plaintiff Andrew C. Borden ("Plaintiff") and defendant U S Bank Home Mortgage ("Defendant") in the above-captioned action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, that the above entitled Adversary Case No. 09-2739 (RG) and all claims that were or could have been made asserted by Plaintiff against Defendant are hereby DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(1)(ii), in all forums, without costs to any party as against any other, and with each party bearing its own legal costs and expenses.

IT IS HEREBY STIPULATED AND AGREED that Plaintiff, for himself, his estate, his administrators, heirs and assigns hereby releases, acquits and forever discharges Defendant and its predecessors, successors, officers, directors, shareholders, agents, parents, subsidiaries,

affiliates, related companies, partners, attorneys, and employees, none of whom admit any liability, but all of whom expressly deny any liability, from any and all claims, actions, causes of action (whether arising in contract, tort, by statute or otherwise), demands, promises, agreements, judgments, liens, suits, rights, losses, defenses, expenses (including attorneys fees), debts, liabilities, rights, damages, costs, and expenses that were brought or could have been brought by Plaintiff in this Adversary Case and/or that were brought or could have been brought by Plaintiff regarding the loan and property at issue in the Adversary Action

IT IS HEREBY STIPULATED AND AGREED that the Court will retain jurisdiction of this matter to effectuate the settlement between the parties and this stipulation may be filed, without further notice, with the Court and may be executed by facsimile.

US Bank Home Mortgage

By: /s/ Sheila Rafferty Wiggins
Sheila Rafferty Wiggins, Esq
Duane Morris LLP
744 Broad St. Suite 1200
Newark, NJ 07102
(973) 424-2000
Attorney for Defendant

Dated: February __, 2010

Law Office of Shmuel Klein, PC

By: /s/ Shmuel Klein
Shmuel Klein
Law Office of Shmuel Klein, PC
268 Route 59
Spring Valley, NY 10977
(845) 425-2510
Attorney for Plaintiff

Dated: February __, 2010

SO ORDERED:

_____
U.S. Bankruptcy Judge

DM1\2053060.1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between Andrew C. Borden ("Borden") and U.S. Home Mortgage ("U.S. Bank").

WHEREAS, Borden has a mortgage loan with U.S. Bank bearing loan number 8250128298 ("Loan") which concerns a property with the address of 271 Palisade Ave., Jersey City, New Jersey 07307-1820 ("Property").

WHEREAS, on or about July 27, 2009, Borden filed a Chapter 13 Voluntary Petition with the United States Bankruptcy Court District of New Jersey bearing case number 09-29392-RG ("Bankruptcy Action").

WHEREAS, on or about November 17, 2009, Borden filed in the Bankruptcy Action a Motion to Modify Claims Of U.S. Bank Home Mortgage which is docket entry number 17 ("Motion").

WHEREAS, on or about November 5, 2009, Borden filed an adversary proceeding with the United States Bankruptcy Court District of New Jersey bearing adversary number 09-2739 which seeks damages for alleged violations of the Real Estate Settlement Procedures Act, a breach of contract claim, and a negligence claim ("Adversary Action").

WHEREAS, on December 21, 2009, Borden and U.S. Bank agreed that U.S. Bank may have an extension of time until February 5, 2010 to answer, move or otherwise respond to Plaintiff's Complaint in the Adversary Action.

WHEREAS, the purpose of this Agreement is to resolve all existing claims in the Adversary Action between Borden and U.S. Bank (the "Parties" or "Party" when used in the singular), relating to the claims asserted or which could have been asserted by Borden in the Adversary Action

WHEREAS, Borden and U.S. Bank seek to resolve the Adversary Action without further action and without admission of liability by one to the other.

NOW, THEREFORE, in consideration of the covenants herein and other good and valuable consideration, the Parties hereto agree as follows:

1. Release: Except as otherwise provided herein, Borden for himself, his estate, his administrators, heirs and assigns hereby releases, acquits and forever discharges U.S. Bank, its predecessors, successors, officers, directors, shareholders, agents, parents, subsidiaries, affiliates, related companies, partners, attorneys and employees, none of whom admit any liability, but all of whom expressly deny any liability, from any and all claims, actions, causes of action (whether arising in contract, tort, by statute or otherwise), demands, debts, liabilities, rights, damages, costs, and expenses that were brought or could have been brought by Borden in the Adversary Action or that were brought or could have been brought by Borden regarding the Loan or Property at issue in the Adversary Action.

2.     **Dismissal With Prejudice:** In further consideration for the discharge and release as set forth above, the Parties agree to dismiss the Adversary Action with prejudice.

3.     **Attorney Fees:** In further consideration for the discharge and release as set forth above, U.S. Bank agrees to pay to the Law Office of Shmuel Klein, PC the sum of $600.00 (Six Hundred Dollars and 0/100 Dollars (US)) within ten (10) days of the Court's filing the "so ordered" stipulation, attached hereto as Exhibit A, and that such payment in no way is an admission of liability.

4.     **Motion:** In further consideration for the mutual discharge and release as set forth above, U.S Bank agrees that it will not file an objection to Borden's Motion to reclassify its claim from secured to unsecured which is docket entry no. 17 in Bankruptcy Action, bearing number 09-29392-RG.

5.     **Confidentiality:** The Parties agree that the nature and terms of this Agreement, the amount and fact of the payment described herein, and any and all discussions, communications and correspondence leading to this Agreement shall be kept completely confidential by the Parties. The Parties agree never to disclose same in any way to any person or persons, news organizations, or any other organizations or entities.

(a)     It is the Parties' understanding, agreement and expectation that this confidentiality provision shall apply to the fullest extent permissible by law and shall preclude them from voluntarily or otherwise testifying at or participating in any meeting, proceeding, hearing, trial or preparation for hearing or trial concerning the terms of the Settlement Agreement, unless compelled to do so by judicial subpoena or other applicable law; however, if the Parties are specifically required by state or federal law or regulation or by compulsory process of law to disclose any matters covered by this confidentiality provision, they shall advise immediately and in writing U.S Bank and its attorneys who entered an appearance in this Adversary Action of such requirement and possible disclosure and to give U.S. Bank the opportunity to respond before disclosing information to the extent possible.

(b)     Borden agrees to hold confidential and not to make public or communicate orally or in writing except: (1) to individuals (such as accountants or lawyers) who reasonably must be informed of its terms; (2) as may be necessary to enforce this Agreement; (3) as may be compelled by lawful discovery or court order; (4) as may be necessary to accomplish the filing of income tax returns or claims for refund; or (5) as may be agreed to in writing by the Parties. Borden agrees to instruct any such individual provided with information concerning this Agreement not to make public or to communicate orally or in writing to any person or entity, directly or indirectly, the terms of this Agreement or the amounts of any payments hereunder.

(c)     Borden understands and agrees that any breach of this confidentiality provision will result in irreparable harm to U S Bank, which may be difficult to quantify or ascertain. The Parties understand and agree that: (i) the confidentiality provisions of this paragraph are a material element of this Agreement; (ii) any breach of the confidentiality provisions by the Parties, or on their behalf by their agents, would cause irreparable injury and that monetary damages would be inadequate; and (iii) any violation of the provisions of this paragraph, if proved by a preponderance of the evidence before a court of competent jurisdiction,

2

would be a material breach of this Agreement and shall entitle the non-breaching Parties to any injunctive remedies to which they may be entitled at law. In such event, this Agreement shall remain in full force and effect in all other respects.

6. No Admission of Liability: The Parties understand and agree that by execution of this Agreement there is no admission of any liability of any nature whatsoever and that this settlement is made entirely as a compromise and for the purpose of settlement of a disputed claim.

7. Governing Law: This Agreement shall be governed by the laws of the State of New Jersey or the federal rules/laws as applicable.

8. Severability: Should any paragraph, provision or clause in this Agreement be found to be ineffective, invalid or unenforceable, the remainder of this Agreement shall be valid and enforceable, and the Parties shall negotiate, in good faith, a substitute, valid and enforceable provision which more clearly reflects the Parties' intent in entering into this Agreement.

9. Entire Agreement: This Agreement constitutes the entire written agreement between the parties. There are no other agreements, whether oral or written, modifying its terms. This Agreement supersedes any and all prior written or oral agreements (including oral settlement agreements) between any of the Parties. The terms of the Agreement can only be modified by a writing signed by the Parties expressly stating that such modification is intended.

10. Voluntary Authority: This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing certain claims by Borden and U.S. Bank. All Parties acknowledge that:

(a) They have read this Agreement and are competent to execute it;

(b) They have been represented in the preparation, negotiation and execution of this Agreement by legal counsel of their own choice or they have voluntarily declined to seek such counsel;

(c) They understand the terms and consequences of this Agreement and of the releases and waivers it contains; and they have not relied upon any representations or statements made by the other party, which are not specifically set forth in this Agreement;

(d) They are fully aware of the legal and binding effect of this Agreement; and

(e) They have not sold, assigned, granted or transferred to any other person, corporate or natural, any claims encompassed by this Agreement that they have, had, or may have at any time in the future, or claim to have or have had against each other.

(f) The Parties to this Agreement shall execute any and all further documents that may be required to effectuate the purposes of the Agreement.

3

DM1\2053060.1

11. <u>Counterparts</u>: This Agreement may be executed in any number of counterparts, and by facsimile, each of which shall constitute a duplicate original hereof.

IN WITNESS WHEREOF, they have executed below.

Dated: 2-9-2010    /s/ Andrew C Borden
　　　　　　　　　　ANDREW C. BORDEN

Sworn to and subscribed before me this
9 day of February, 2010.
Notary    /s/ Patricia Rolon

Patricia Rolon
ary Public of New Jersey
ID No. 2349571
ssion expires September 13, 2011

Dated: _____

U
B /s/ Jacob VanBrandwijk
Name: Jacob vanBrandwijk
Title: Vice President, Retail Collections & Recovery

Sworn to and subscribed before me this
____ day of February, 2010.

Notary

4

DM1\2053060.1